IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSALITA YOUNG MOOG,

    Plaintiff,                    No. 2:09-cv-0432 JAM JFM PS

    vs.

LAND O'LAKES, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Before bringing a Title VII action in federal court, a plaintiff must first exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"). See E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994).[1] This charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1. The district court complaint must be filed within 90 days of receipt of a Right-to-Sue Letter from the EEOC. See id. § 2000e-5(f)(1). The scope of the district court's jurisdiction is limited by the allegations contained in the EEOC charge and the EEOC investigation. See Farmer Bros. Co. 31 F. 3d at 891.

The exhaustion requirement, however, does not bar a plaintiff from seeking judicial relief for incidents or claims of discrimination not raised in the EEOC charge, if the new incidents or claims are "like or reasonably related to the allegations of the EEOC charge."

---

[1] This requirement is subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, 455 U.S. 385, 398 (1982)

Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973). Moreover, EEOC charges are given a broad construction because they are often framed by those without technical knowledge required for formal pleading. Kaplan v. International Alliance of Theatrical and Stage Employees, 525 F.2d 1354, 1359 (9th Cir.1975) New claims or incidents of discrimination can be like or reasonably related to allegations of the EEOC charge if they fall "within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Yamaguchi v. U.S. Dep't of the Air Force, 109 F.2d 1475, 1480 (9th Cir.1997).

The instant complaint does not address the issue of administrative exhaustion and plaintiff has not provided a copy of a right-to-sue letter from the EEOC. Accordingly, in an abundance of caution, the complaint will be dismissed and plaintiff will be granted leave to amend her complaint to prove she has first exhausted her claims with the EEOC. Plaintiff is cautioned, however, that she cannot proceed with the instant action unless and until she has exhausted her remedies with the EEOC. Farmer Bros. Co. 31 F. 3d at 899.

If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

/////

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  February 25, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; moog.lta